**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-7649**

———————

WILLIAM ALLEN LEGG,

                                    Plaintiff - Appellant,

        versus

JUDGE HARDWICKE; MARY CAROLL FLEARS, PSH
Associate; DOCTOR GOLDBERG; SUSAN STIENBURG,
States Attorney; SEVERAL OTHER STAFF MEMBERS;
ALL MAILROOM & FINANCE OFFICE STAFF; ALL
NOTARY PUBLICS AND SECURITY; KRIPPA KOSHYAP,
Doctor; FELLENEL MASSARI, Doctor; ALL PATUXENT
ADMITTING STAFF; UNITED STATES SECRET SERVICE
DIRECTORS; GEORGE VESPA; GEORGE WINTERS;
BENSON EVERETT LEGG, Federal Judge; CAPTAIN
MARSHALL,

                                    Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge.  (CA-
99-2694-DKC)

———————

Submitted:  February 10, 2000      Decided:  February 17, 2000

———————

Before WIDENER and NIEMEYER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

William Allen Legg, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Allen Legg filed an untimely notice of appeal.[1]  We dismiss the appeal for lack of jurisdiction.  The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional."  Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).  Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders.  Fed. R. App. P. 4(a)(1).  The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order dismissing Legg's 42 U.S.C.A. § 1983 (West Supp. 1999) action on September 14, 1999;[2] Legg's notice of appeal was filed on December 1, 1999.[3]  Legg's failure to file a timely notice of appeal or to obtain either an

---

[1] While Legg arguably timely appealed the denial of his motion for change of venue which was filed after his suit was dismissed, Legg does not challenge this order on appeal.

[2] Although the district court's order is marked as "filed" on September 13, 1999, the district court's records show that it was entered on the docket sheet on September 14, 1999.  Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision.  See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

[3] Legg's notice of appeal is undated but is postmarked November 29, 1999.

extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. We therefore dismiss the appeal and deny Legg's motions for discovery, copies, and appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED